# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREGORY POLITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-330-JHP-FHM |
| | ) | |
| DAVID MILLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate appearing pro se. Before the Court is Petitioner's petition for habeas corpus relief, with attachments (Dkt. # 1). Respondent filed a response (Dkt. # 9), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 9, 11). Petitioner filed a reply (Dkt. # 17). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On June 24, 2005, around midnight, Petitioner arrived at the home of his longtime friend, Glenna Bridges. Petitioner and Bridges had previously been in an "on and off" relationship, but Bridges testified that the relationship was over (Dkt. # 11, Tr. Trans. Vol. II at 265-66). Ms. Bridges had spent the day with her cousin and was feeding her cats before going to bed. She asked Petitioner to leave. Petitioner refused to leave and threatened to knock Bridges' teeth out if she would not let him in. After entering the home, Petitioner took Bridges' only phone, and fixed himself something to eat. The two had a physical altercation causing Bridges to suffer a black eye and numerous bruises. Petitioner then forced Bridges to engage in sex, and stayed in bed with her until the next morning. As soon as Petitioner left Bridges' home, she called her mother, who accompanied her to

the hospital. At the hospital, Bridges was examined by a sexual assault nurse examiner (SANE), and the police were called to investigate.

As a result of these events, on July 5, 2005, Petitioner was charged in Tulsa County District Court, Case No. CF-2005-2885, with First Degree Rape, after conviction of four felonies (including one conviction for forcible sodomy). See Dkt. # 11, Tr. Trans Vol. II at 455-56. At the conclusion of a jury trial, Petitioner was found guilty as charged. The trial judge sentenced Petitioner, in accordance with the jury's recommendation, to life imprisonment without the possibility of parole. At trial, Petitioner was represented by Assistant Public Defender Rick Couch.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Stuart Southerland, he raised seven (7) propositions of error:

| | |
|---|---|
| Proposition One: | A number of continuances requested by the State were granted in the absence of written motion filed in accordance with Oklahoma law. The court lacked the authority to grant the requests, and the error requires the reversal of Appellant's conviction. |
| Proposition Two: | Nurse Dorothy Patrock should not have been permitted to testify that her findings were "consistent" with nonconsensual intercourse. |
| Proposition Three: | The testimony of Josephine Cohen, the alleged victim's mother, was so infected with irrelevant and prejudicial information that Appellant's conviction must be reversed. Ms. Cohen should not have testified. |
| Proposition Four: | Admission of prejudicial "other crimes" evidence deprived Appellant of the due process right to a fair trial. |
| Proposition Five: | Numerous instances of prosecutorial misconduct contributed to Appellant's conviction and sentence and served to deny him the right to a fair trial guaranteed by the Fourteenth Amendment to the United States Constitution. |
| Proposition Six: | It was error to deny defense counsel's request to provide the jury with an instruction defining "reasonable doubt." |

Proposition Seven: The alleged error in this case is not harmless. Should the court find merit in any of the propositions of error alleged in this brief, Appellant's conviction should be reversed.

See Dkt. # 9, Ex. 1. On June 21, 2007, in Case No. F-2006-506, the OCCA found no merit to Petitioner's claims. Id., Ex. 3. For that reason, the state appellate court affirmed the Judgment and Sentence of the trial court. Id. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court, nor did he seek post-conviction relief in the state courts prior to filing the instant habeas corpus action.

On June 2, 2008, Petitioner filed his petition for writ of habeas corpus (Dkt. # 1). Petitioner identified his grounds of error by stating "See attached Appellant's Brief." He provides no further description, explanation, or argument. Accordingly, the Court will rely, where necessary, on the arguments made by Petitioner in his brief filed on direct appeal. Respondent filed a response (Dkt. # 9) to the petition asserting that Petitioner's claims are either not cognizable because they are grounded on state law violations, or without merit under 28 U.S.C. § 2254(d). Petitioner filed a reply (Dkt. # 17).

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner's claims raised in the petition were presented to the OCCA on direct appeal and are exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA on direct appeal**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated Petitioner's grounds 1-7 on direct appeal. Therefore, to the extent those claims are cognizable in this habeas corpus action, they will be reviewed pursuant to § 2254(d).

    **1.    Excessive continuances granted to State**

In his first ground for relief, Petitioner complains that the trial court erred in granting the State's numerous requests for continuances in the absence of a written motion as required by Oklahoma law. The OCCA denied relief, finding as follows:

> In his first proposition of error, Appellant claims that the trial court lacked authority to grant several continuances requested by the State in the absence of a written motion. The State was granted one 15-day continuance of preliminary hearing, and a series of continuances delayed the trial for several months. Some, but not all, of these continuances were preceded by a written request as required by 12 O.S. 2001, § 668 and 22 O.S. 2001, § 584. While these statutes impose procedural requirements

> for making such requests, the overarching concern is whether the trial court's grant or denial of a continuance impinges on a substantial right of the accused. 20 O.S. 2001, §3001.1. Appellant does not even attempt to demonstrate that he was prejudiced, in any way, by the continuances granted by the trial court. The trial court did not abuse its discretion in this regard. *Harris v. State*, 1992 OK CR74, ¶¶ 6-9, 841 P.2d 597, 599-600. Proposition 1 is denied.

(Dkt. # 9, Ex. 3 at 2-3) (footnote omitted). Petitioner fails to demonstrate how the OCCA's decision was an unreasonable application of Supreme Court law. See 28 U. S. C. § 2254(d). His argument is premised upon alleged violations of state procedural law by the trial court. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991); Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010). Petitioner is not entitled to relief on his ground one proposition of error.

## 2. Testimony of Nurse Patrock

Nurse Dorothy Patrock testified at trial that she performed a SANE examination of Bridges at Hillcrest Hospital. On direct appeal, Petitioner asserted that Nurse Patrock should not have been allowed to testify that her findings were consistent with nonconsensual intercourse. He claimed that the nurse's testimony was improper bolstering of the victim's testimony. In finding this claim lacked merit, the OCCA stated that Nurse Patrock based her opinion on her professional experience, was cross-examined by defense counsel, and was careful to phrase her opinions "so as not to tell the jury what decision to reach." See Dkt. # 9, Ex. 3 at 3. Again, Petitioner supplies no argument or authority to explain why the OCCA's opinion was an unreasonable determination of the facts or an unreasonable application of Supreme Court law, as required by AEDPA.

To the extent Petitioner argued a due process violation in his direct appeal brief because of improper bolstering, he is not entitled to habeas corpus relief. In order to find that Petitioner was denied due process, the Court must conclude that the absence of fairness "fatally infected" his trial.

5

See Parker v. Scott, 394 F.3d 1302, 1311 (10th Cir. 2005) (quoting Lisenba v. California, 314 U.S. 219, 236 (1941)). The trial court's ruling allowing the challenged testimony must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Further, "[i]nquiry into fundamental fairness requires examination of the entire proceedings, including the strength of the evidence against the petitioner. . . ." Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002).

In addition to the nurse's testimony, the State presented testimony from the victim, the victim's mother, the victim's cousin, as well as from Tulsa Police Department officers who interviewed the victim, arrested Petitioner, and took his statement. Petitioner admitted to the police officers that he went to Bridges' home, that they had a physical altercation, and that he had sexual intercourse with Bridges -- although he claimed it was consensual. The victim's mother and cousin testified that Bridges did not have bruises or a black eye the day before Petitioner came to her house. Bridges provided detailed testimony supporting her declaration that the sexual intercourse with Petitioner was not consensual. The evidence strongly supported the conclusion that Bridges was beaten and raped by Petitioner. Accordingly, the Court concludes that Nurse Patrock's testimony did not infect Petitioner's trial with unfairness in violation of his due process rights. Petitioner is not entitled to relief on his ground two claim.

### 3. Testimony of victim's mother

In ground three, Petitioner argues that the prejudicial testimony of Josephine Cohen contributed to his unfair trial. Specifically, he complains of Ms. Cohen's testimony that: (1) on one occasion the victim told her that she was fearful of Petitioner; (2) there was an argument between Petitioner and the victim; and (3) Ms. Cohen found Petitioner "very intimidating" and her daughter

6

was "very cautious about what she said and did" in Petitioner's presence. See Dkt. # 9, Ex. 1 at 11-12. The OCCA denied relief, finding no plain error because most of Ms. Cohen's "gratuitous comments were cut off by defense objections which were sustained by the trial court." See Dkt. # 9, Ex. 3 at 4. The Tenth Circuit has noted that Oklahoma's "plain-error test is rooted in due process." Thornburg v. Mullin, 422 F.3d 1113, 1124 (10th Cir. 2005). Petitioner has failed to demonstrate that he was denied his fundamental right to a fair trial resulting in a due process violation or that the OCCA's resolution of his ground three claim was contrary to, or an unreasonable application of, clearly established federal law. He is not entitled to habeas corpus relief on this claim.

  **4.  Improper admission of evidence of other crimes**

In his fourth ground of error, Petitioner contends that Ms. Bridges commented on his prior bad acts resulting in a violation of his due process rights to a fair trial. He complains of the following remarks by Ms. Bridges: (1) when asked about her relationship with Petitioner, Ms. Bridges responded that, "We weren't together. We had an incident in April where he tried to choke me at the bus stop so we hadn't seen each other since then," (Dkt. # 9, Tr. Trans. Vol. II at 265); (2) Ms. Bridges testified that Petitioner had been "stalking" her (id. at 268); and (3) Ms. Bridges testified that during the incident, she told Petitioner "this is rape" and indicated he had been in trouble for rape before (id. at 275). The OCCA rejected this claim, finding as follows:

> As to Proposition 4, while the complainant did make reference to some other bad acts allegedly committed by Appellant, the record indicates that these comments were not anticipated by either party, and the witness was admonished. Given the totality of the evidence, including Appellant's own incriminating admissions to police and to the complainant herself in letters from jail, we cannot say that the cumulative effect of theses comments deprived Appellant of a fair trial. *Jones v. State*, 2006 OK CR 5, ¶¶ 44-45, 128 P.3d 521, 539-540.

(Dkt. # 9, Ex. 3 at 4).

7

The Court agrees with the OCCA that, in light of the evidence as a whole, Petitioner has not shown that he was deprived of a fundamentally fair trial by Ms. Bridges' comments. Habeas relief is denied on Petitioner's ground four claim.

### 5. Prosecutorial misconduct

As his fifth proposition of error on direct appeal, Petitioner complained of several instances of alleged prosecutorial misconduct. In resolving these claims on direct appeal, the OCCA found as follows:

> In Proposition 5, Appellant claims that numerous instances of prosecutorial misconduct contributed to his conviction. Only one of these comments was met with a timely objection; the rest are reviewed only for plain error. We find nothing improper in these comments. The prosecutor's claim that there was no evidence to support the defense's alternative explanations for the complainant's injuries was not an improper comment on Appellant's right to silence. Defense counsel had brought up these possibilities during trial, but failed to elicit any evidence from the complainant to support them. The prosecutor's references to the complainant as "honest," her reference to Appellant as a "predator," her characterization of Appellant's guilt, and her request that the jury return the complainant's "life" and "peace of mind" back to her, were all fair inferences and comments based on the evidence presented to the jury. The prosecutor's request that the jury "stop" Appellant's conduct with a life-without-parole sentence was also a fair comment, given Appellant's prior convictions for Domestic Assault and Battery, Forcible Sodomy, and Attempted Forcible Sodomy. These comments, taken together, did not deprive Appellant of a fair trial. Proposition 5 is denied.

(Dkt. # 9, Ex. 3 at 4-5) (internal citations omitted).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly, 416 U.S. at 642-48; Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998)."To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in

8

favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

When viewed in light of the evidence presented at trial, the Court concludes that the referenced comments by the prosecutor did not tip the scales in favor of the prosecution to the detriment of Petitioner's constitutional rights. Petitioner is not entitled to habeas corpus relief as to the claims of prosecutorial misconduct adjudicated on direct appeal because he has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d).

### 6. Instruction on reasonable doubt

Petitioner next contends that the trial court erred when it refused to provide the jury with an instruction on the meaning of "reasonable doubt." The OCCA found that the trial court did not abuse its discretion in rejecting Petitioner's proffered instruction attempting to define "reasonable doubt" and noted that it consistently disapproved of attempts to define "reasonable doubt." See Dkt. # 9, Ex. 3 at 5. This issue has been addressed by the United States Supreme Court in Victor v. Nebraska, 511 U.S. 1, 5 (1994), as follows:

> The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Cf. Hopt v.Utah, 120 U.S. 430, 440-441, 7 S. Ct. 614, 618-20, 30 L. Ed. 708 (1887). Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 320 n.14, 99 S. Ct. 2781, 2789, n.14, 61 L. Ed. 2d 560 (1979), the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof.

Victor, 511 U.S. at 5. The OCCA's denial of relief on this issue was not an unreasonable application of Supreme Court law. Habeas relief is denied on ground six.

### 7. Errors not harmless

In his seventh ground for relief, Petitioner contends that any errors found by the court should not be considered harmless. The OCCA denied relief on this ground, noting that "Appellant offers no authority for why the issues he raises should be exempt from harmless-error analysis." See Dkt. # 9, Ex. 3 at 6. Petitioner has failed to argue in this Court how the OCCA's decision was an unreasonable application of Supreme Court law. He is not entitled to relief on ground seven.

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus, as amended, shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 27th day of March, 2012.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma